UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   6/13/14
```

-------------------------------------------------------------X
                                                  :
ISABEL MARTINEZ,                                  :
                                  Plaintiff,      :
                                                  :         13 Civ. 02867 (LGS)
                    -against-                      :
                                                  :         OPINION AND ORDER
BAC HOME LOANS SERVICING, L.P., et al.,           :
                                  Defendants.      :
                                                  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Pro se Plaintiff Isabel Martinez brought this case against Defendants Bank of America,

N.A., and three John Does for alleged predatory lending practices that led to the foreclosure on

her Pennsylvania home.  This case is now before the Court on Defendant Bank of America's

Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following

reasons, the Court grants Defendant's motion.

## BACKGROUND

        The following facts are taken from the Complaint, the mortgage agreement attached

thereto and the Pennsylvania state court order dated April 5, 2013.[1]

        On or about July 19, 2006, Plaintiff obtained a loan in the amount of $141,300 from

Countrywide Home Loans, Inc., secured by a mortgage on a residence located at 25 S. Madison

Street, Allentown, Pennsylvania.  After Plaintiff defaulted on her mortgage, Defendant Bank of

---

[1] Although the April 5 order was attached to Defendant's moving papers rather than the
Complaint, the Court takes judicial notice of it pursuant to Rule 201(b) of the Federal Rules of
Evidence.  *See Oneida Indian Nation v. New York*, 691 F.2d 1070, 1086 (2d Cir. 1982) ("When
there is no dispute as to the authenticity of . . . materials and judicial notice is limited to law,
legislative facts, or factual matters that are incontrovertible, such notice is admissible.").

America[2] brought suit against her in the Lehigh County Court of Common Pleas in Pennsylvania.  On April 5, 2013, that court granted judgment in mortgage foreclosure against Plaintiff in the amount of $196,733.48.

On April 30, 2013, Plaintiff commenced the action before this Court.  The Complaint alleges that Defendant engaged in predatory lending practices and illegally foreclosed on her house.  On October 21, 2013, Defendant moved to dismiss on the grounds that Plaintiff's claims are barred by res judicata and that they also fail as a matter of law.  Plaintiff submitted two substantially similar oppositions, respectively on January 6, 2014, and January 17, 2014. Defendant filed its reply on January 24, 2014.

## STANDARD

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), *cert denied*, 133 S. Ct. 846 (2013).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rule 8 of the Federal Rules of Civil Procedure "requires

---

[2] Bank of America is the successor in interest to BAC Home Loans Servicing, L.P., which was formerly known as Countrywide Home Loans Servicing, L.P.

factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News*, 680 F.3d at 182 (alteration in original) (quoting *Twombly*, 550 U.S. at 555).  Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In construing complaints by plaintiffs proceeding pro se, the court "appl[ies] a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)).  Thus, the court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).

## DISCUSSION

Plaintiff's claims are barred by res judicata as a result of the Pennsylvania state court's foreclosure judgment against her.

The doctrine of res judicata establishes that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Federal courts "consistently accord[] preclusive effect to issues decided by state courts," thereby "promot[ing] the comity between state and federal courts . . . ." *Id.* at 95-96.  "When 'determin[ing] the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state.'"

*Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 192-93 (2d. Cir. 2008) (alteration in original) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d. Cir. 2000)).  Under the law of Pennsylvania, where the foreclosure judgment was rendered, the application of res judicata requires "a concurrence of four conditions: 1) [i]dentity in the thing sued upon; 2) [i]dentity of the cause of action; 3) [i]dentity of persons and parties to the action; and, 4) [i]dentity of the quality or capacity of the parties suing or sued."  *Stevenson v. Silverman*, 208 A.2d 786, 787-88 (Pa. 1965).  The Pennsylvania Supreme Court held that "a broad view should be taken" of res judicata, and that its application should not be restricted by "technical requirements . . . contrived only to obscure the real purpose – a second trial on the same cause by the same parties." *Hochman v. Mortg. Fin. Corp.*, 137 A. 252, 253 (Pa. 1927); *see Sheridan v. NGK Metals Corp*., 609 F.3d 239, 261 (3d Cir. 2010) ("We take a broad view of what constitutes the same cause of action." (internal quotation marks omitted)).  Moreover, res judicata "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action."  *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995).

The parties in this action, Plaintiff Martinez and Defendant Bank of America, are the same two parties to the foreclosure action before the Pennsylvania Court of Common Pleas. Moreover, all of Plaintiff's claims – even when liberally construed to encompass fraud, unjust enrichment, conspiracy, due process and perhaps the Fair Debt Collection Practices Act – concern the defaulted mortgage loan that led to the foreclosure of Plaintiff's Pennsylvania house, and could have been brought in the foreclosure action.  Res judicata therefore bars Plaintiff from bringing those claims here.  *See Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 947, 949 (3d. Cir. 2010) (finding that the plaintiff's Pennsylvania law claim based on allegations of "misrepresentation, deception, unfair trade practices, wrongful use of the foreclosure process,

and a host of other wrongs related to the mortgage and foreclosure" were "intimately tied to the creation of the mortgage and subsequent foreclosure," and therefore could have been brought as a counterclaim in the foreclosure action); *see also Wexler v. Citibank*, No. 94 Civ. 4172, 1994 WL 580191, at \*5 (E.D. Pa. Oct. 21, 1994) (holding that res judicata barred the plaintiffs from bringing an action in federal court to challenge the validity of their mortgage because the same issue had already been adjudicated in a prior Pennsylvania state court foreclosure action); *Smith v. Litton Loan Servicing, LP*, No. 04 Civ. 2846, 2005 WL 289927, at \*5 (E.D. Pa. Feb. 4, 2005) (finding that the plaintiffs' arguments relating to the validity of their mortgage under federal law "would have been defenses to foreclosure," and therefore that a foreclosure judgment in Pennsylvania state court "constitute[d] a bar to the reassertion of [their] claims in their attempt to collaterally attack the foreclosure judgment in [federal] [c]ourt").

Plaintiff argues that she "was denied personal delivery of the summons and notice" in the state court foreclosure action.  To the extent that the argument challenges the validity of the judgment issued by the Pennsylvania court, it is one to be raised with that court, not in a collateral attack here.  Moreover, although the foreclosure judgment here apparently was issued upon Plaintiff's default,[3] Pennsylvania state law has long held that "a judgment by default is res judicata and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is conceived." *Zimmer v. Zimmer*, 326 A.2d 318, 320 (Pa. 1974).  Courts in the Third Circuit have applied res judicata to foreclose suits that attempt to relitigate default foreclosure judgments obtained in Pennsylvania courts.  *See, e.g.*, *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153-54 (3d Cir. 2008) (holding that because the plaintiff could

---

[3] The Complaint does not plead, nor does the Pennsylvania state court order make apparent, that the foreclosure judgment was issued upon Plaintiff's default in the underlying action.  Indeed, the only references to Plaintiff's default in the underlying action are in Defendant's motion papers.  Nevertheless, in light of the discussion to follow, this issue need not be resolved.

have raised her argument regarding the legality of her mortgage in state court proceedings that ended in a default foreclosure judgment against her, the claim preclusion doctrine under Pennsylvania law barred her federal suit over same); *see also Laychock v. Wells Fargo Home Mortg.*, No. 07 Civ. 4478, 2008 WL 2890962, at *4 n.5 (E.D. Pa. July 23, 2008) (prohibiting the plaintiff from relitigating the legitimacy of a foreclosure judgment obtained in default), *aff'd*, 399 F. App'x 716 (3d Cir. 2010); *Wexler*, 1994 WL 580191, at *5 (same).

Plaintiff's other arguments are similarly unavailing. Plaintiff contends that Defendant's motion is untimely; the docket sheet shows, however, that Defendant filed the instant motion on October 21, 2013, even before Defendant was served with the Complaint on October 25, 2013. Plaintiff also asserts that the declaration of Scott H. Kaiser, an attorney for Defendant, must be rejected because he lacks "first-hand knowledge of any facts." While Plaintiff is correct that Mr. Kaiser's assertions in his declaration should not be considered on this motion, which concerns only the sufficiency of the pleadings, the Court is nevertheless entitled to take judicial notice of facts "not subject to reasonable dispute," such as the Pennsylvania state court order attached to the declaration. Fed. R. Evid. 201(b); *see Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995).

The Court notes that a case with strikingly similar facts was recently dismissed by Judge Forrest. *Vargas v. Countrywide Home Loans, Inc.*, No. 12 Civ. 6857, 2013 WL 5881543 (S.D.N.Y. Nov. 1, 2013). That case also involved a collateral attack in this Court on a default foreclosure judgment issued by the Lehigh County Court of Common Pleas in Pennsylvania, and the complaint made similar allegations of "fraud, predatory lending, and deceptive practices in connection with a mortgage loan." *Id.* at *1. Indeed, as Defendants pointed out, the plaintiffs in that case apparently now reside at the same New York address as Plaintiff here, and the

foreclosed-upon properties in both cases are located in Allentown, Pennsylvania.  Judge Forrest

dismissed that action on res judicata grounds.  This opinion accords with *Vargas* in all respects.

**CONCLUSION**

      For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Clerk of

the Court is directed to close the motion at Docket No. 21 and the case.

      SO ORDERED.

Dated: June 13, 2014
      New York, New York

                                **LORNA G. SCHOFIELD**
                           **UNITED STATES DISTRICT JUDGE**